UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TUNG TRONG LE,<br>    *Plaintiff*,<br><br>v.<br><br>MERRICK B. GARLAND, et al.,<br>    *Defendants*. | )<br>)<br>)  CASE NO. 3:24cv1114 (OAW)<br>)<br>)<br>)<br>)<br>)<br>) |

## RULING

Plaintiff Tung Trong Le moves for an order directing U.S. Citizenship and Immigration Services ("USCIS") to amend the birthdate on his naturalization certificate. ECF No. 1 ¶ 1. Plaintiff states that his certificate of naturalization, which was issued by this court on October 13, 1989, incorrectly lists his date of birth as December 20, 1967, and he petitions the court to correct it to **February 20, 1962.** *Id.* ¶¶ 1–2. The government does not object to granting the relief requested by Plaintiff. ECF No. 19 ¶ 5.

While the Immigration Act of 1990 transferred "[t]he sole authority to naturalize persons as citizens of the United States" from the courts to the executive branch, 8 U.S.C. § 1421(a), this court has the authority to amend the birthdate on Plaintiff's naturalization certificate because it was issued in 1989, before the Immigration Act was enacted. *See In re Emadzadeh*, No. 19-MC-1583 (KAM), 2022 WL 3030476, at *1 (E.D.N.Y. Aug. 1, 2022) (finding that the court retained the authority to amend the birthdate on the petitioner's naturalization certificate because he was naturalized in 1989); *see also Rahman v. Jaddou*, No. 22-101, 2022 WL 6593589, at *3 (2d Cir. Oct. 11, 2022) (upholding a District Court ruling that the court lacks authority to amend the birthdate on a naturalization certificate issued in October 2011); *Jahan v. Houghton*, 578 F. Supp. 3d

1

362, 367–68 (E.D.N.Y. 2022) (finding that the court could not amend the petitioner's naturalization certificate because it was issued in 2002, after Congress transferred naturalization authority to the executive branch).

Turning to the merits, a court may grant the amendment where a plaintiff has presented clear evidence of their date of birth and there are no concerns that they acted fraudulently during their naturalization petition. *See In re Emadzadeh*, 2022 WL 3030476, at *1; *see also Nguyen v. U.S. Dep't of Homeland Sec.*, No. 1:06-MC-118 (DNH), 2007 WL 2156649, at *4 (N.D.N.Y. July 25, 2007). Here, the parties stipulate that Plaintiff obtained a copy of his birth certificate indicating his birthdate is February 20, 1962. ECF No. 19 ¶ 5. Further, the parties stipulate that, while USCIS was unable to authenticate the birth certificate, it confirmed the certificate was the same as the one on file with the Birth Registrar and Justice Staff of the People's Committee of Nghia KyTown, Tu Nghia Ward, in Vietnam's Quang Ngai Province. *Id.* Upon consideration of the complaint and of the parties' joint stipulation, the court is satisfied that Plaintiff has provided credible evidence of his date of birth, and that there is no evidence of fraud.

Accordingly, the court hereby **ORDERS** USCIS to please correct Plaintiff's naturalization certificate to reflect the birthdate **February 20, 1962.** The court respectfully directs the Clerk of Court to render judgment in favor of Plaintiff and to close this case.

**IT IS SO ORDERED** in Hartford, Connecticut, this 11th day of December, 2024.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE